IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAREINE UDELL STEINFELD, | |
| Plaintiff, | |
| v. | No. 20 C 5838 |
| | Jeffrey T. Gilbert |
| JONES LANG LASALLE AMERICAS, INC. | United States Magistrate Judge |
| Defendant. | |

**ORDER**

Defendant's Petition for Court Ordered Fees and Costs [ECF No. 134] is granted in large part. The Court awards Defendant Jones Lang LaSalle Americas, Inc. ("Defendant") $30,870.80 in attorneys' fees and $359.70 in costs pursuant to the Court's September 23, 2022 Order [ECF No. 127], granting Defendant's Motion to Compel [ECF No. 78] (the "Motion") and awarding the attorneys' fees and costs Defendant incurred as the successful movant on that Motion in accordance with Federal Rule of Civil Procedure 37(a)(5)(A). The Court deducts a total of $888.30 in attorney time billed for preparation of the Motion for the reasons discussed below but otherwise finds that Defendant's attorneys' fees and expenses are reasonable and fully recoverable. The Court declines to award Defendant the "fees on fees" it requests for the time spent preparing its fee petition.

As stated in the Court's September 23, 2022 Order [ECF No. 127], the sanction is levied jointly against Plaintiff Lareine Udell Steinfeld ("Plaintiff") and her counsel, Gregory P. Brown of the law firm Hill Ward Henderson, P.A. The Court gave Plaintiff

and her counsel an opportunity to see if they could negotiate an agreement with Defendant on the amount of money to be paid pursuant to the Court's September 23, 2022 Order (*see* Transcript [ECF No. 141], at 39-40), but Plaintiff's counsel declined to engage in that process. In the Court's view, Plaintiff's counsel is more responsible for the sanctions awarded than Plaintiff because counsel is the one who failed to respond to Defendant's counsel's legitimate efforts to obtain the discovery sought in Defendant's Motion which left Defendant no choice but to file the Motion and the Court ultimately to grant it. The Court though is unaware of what role, if any, Plaintiff herself may have played in that process, and Rule 37(a)(5)(A) permits a court to enter sanctions against "the party or the attorney advising [the] conduct, or both," which is what the Court did here. [ECF No. 127]. The total amount of $31,230.50 awarded in this Order shall be paid on or before 30 days from the date of this Order, or by November 9, 2023.

      Much of Plaintiff's opposition to Defendant's Petition for Court Ordered Fees and Costs [ECF No. 134] centers on whether Defendant obtained substantially all the relief it was seeking in its Motion and whether the Court should award Defendant all the attorneys' fees and expenses incurred in filing the Motion. [ECF No. 168]. To be clear, the Court ruled back in September 2022 that Defendant succeeded on its Motion and had to file that Motion to achieve the results it obtained. [ECF No. 127]. Plaintiff's argument that it was unnecessary for Defendant to file the Motion because Plaintiff and Defendant had agreed to substantially all the relief Defendant sought before the Court ruled on the Motion is not well-taken. In fact, Plaintiff refused to

respond to certain of Defendant's discovery requests or communications, produce documents or a legally adequate privilege log, and take certain other actions until after Defendant filed its Motion and in some instances through the court hearing on the Motion.

The Motion was necessary for Defendant to obtain relief for Plaintiff's discovery abuses. Plaintiff's counsel did not agree to produce Plaintiff for another deposition concerning late-produced documents until after the Motion was filed, and no agreement ever was reached about details like who would pay the court reporter's fee for the reopened deposition that the Court needed to address in ruling on the Motion. Plaintiff's counsel produced a privilege log very late in the discovery process (a day or two before Plaintiff was scheduled to be deposed). It was completely inadequate for Defendant to assess the privileges claimed, yet Plaintiff maintained the log was adequate until the Motion was argued. Plaintiff's counsel also consistently frustrated Defendant's efforts to obtain legitimate discovery in this case by repeatedly failing to respond in a timely way and to meet and confer meaningfully in response to defense counsel's overtures until after the Motion was filed.

Plaintiff's lawyer also admittedly failed to investigate the involvement of the Buckley Beal law firm, Plaintiff's prior counsel, in counseling Plaintiff about matters for which she claims to be a whistleblower until very late in the process, as the discovery disputes that animated the filing of Defendant's Motion were coming to a head, and even after the Motion was filed. Plaintiff's counsel also failed to respond meaningfully to Defendant's legitimate legal position that if Plaintiff was going to

3

rely on her communications with Buckley Beal to show the reasonableness of the concerns that undergirded her whistleblower claims, then she very well might be held to have waived the attorney client privilege as to those communications. Colloquy between Plaintiff's counsel and the bench, as well as email communications between counsel submitted with the Motion, revealed that Plaintiff's counsel was unfamiliar with the law that supported Defendant's counsel's concerns in this area or, if he was familiar with it, he ignored it. Plaintiff's counsel did not engage directly with the question of whether Plaintiff intended to rely on the advice of counsel to support the reasonableness of her whistleblower claims until well-after the Motion was filed and two hearings on the Motion were held. And even then, Plaintiff's position was not very clearly stated. All these failures directly led to Defendant needing to file its Motion. *See* Transcripts [ECF Nos. 83, 141].

The Court finds, however, that $888.30 in time billed by associate K. Angeletti is not recoverable. Ms. Angeletti was the third lawyer down in seniority who worked on the Motion. She billed time to "review" or "analyze" other lawyers' work, and in one case, she billed .80 hours for a "strategy call" for which no other lawyer involved in that call billed time. This is duplicative work by a junior lawyer that the Court finds, in its discretion, did not materially advance the arguments in the Motion and is not recoverable. The Court means no criticism of Ms. Angeletti for recording this time, but the senior lawyer on the file should have exercised their discretion not to include her time in the fee petition and to relegate it instead to associate training or to simply not bill it. The rest of the time Defendant's lawyers billed on the Motion for

which Defendant now seeks recovery was reasonable, was billed at the firm's standard rates which appear to be at or below market for the type of work provided to Defendant in this case, and was properly recorded in a way that the Court can assess the time spent on discrete or related tasks. The cost of the transcript for the hearing during which the Court ruled on the Motion also is a reimbursable cost in connection with the Motion and appears to be reasonable. Plaintiff objects that Defendant has not produced proof that it paid the court reporter's invoice so the Court's award of this cost is conditioned upon Defendant filing proof of payment of the reporter's invoice which the Court assumes Defendant can do in short order.

The Court denies Defendant's request that it be awarded the attorneys' fees spent in preparing Defendant's fee petition. The Court did not specifically allow for or anticipate recovery of this time when it ruled on Defendant's Motion. Defendant says it would not have asked for these fees if Plaintiff's counsel had meaningfully engaged in the meet and confer process the Court ordered the parties to engage in before the fee petition was filed at the conclusion of the September 23, 2022, hearing. *See* Transcript [ECF No. 141], at 39-40. According to Defendant, Plaintiff's counsel refused to engage in that process, instead telling Defendant's counsel they should just file their petition. In essence, Defendant requests these "fees on fees" to punish Plaintiff and her counsel for counsel's continued failure to engage in the meet and confer process. The Court agrees that yet again this was poor judgment on the part of Plaintiff's counsel, but that is not a good reason to add to an already substantial fee award the additional fees incurred in preparing the fee petition. The cases

Defendant cites under Local Rule 54.3 in support of that request are not entirely apposite here. And the amount of additional fees Defendant requests for the time spent preparing its fee petition, amounting to more than half the fees requested for the Motion itself, is excessive in the Court's view even though Defendant had to respond to Plaintiff's objections to the fee award which the Court has found were meritless. The Court notes parenthetically, however, that Plaintiff's counsel's refusal to meet and confer with defense counsel about the fee petition reinforces its view that Defendant needed to file its Motion because of that same kind of conduct by Plaintiff's counsel during the discovery process, and the Rule 37 provides an avenue for at least some relief for such conduct.

Accordingly, for all the reasons discussed above, Defendant's Petition for Court Ordered Fees and Costs [ECF No. 134] is granted in large part. The Court awards Defendant $30,870.80 in attorneys' fees and $359.70 in costs (subject to Defendant filing within three business days of entry of this Order proof that the claimed expenses for the transcript were paid) in accordance with the Court's order of September 23, 2022 [ECF No. 127] granting Defendant's Motion to Compel [ECF No. 78] and awarding it the attorneys' fees and costs it incurred as the successful movant on that Motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: October 10, 2023